UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RUBI MATOS PEREZ,

                  Petitioner,                  Case No. 1:26-cv-661

v.

                                          Honorable Paul L. Maloney

U.S. DEPARTMENT OF HOMELAND
SECURITY et al.,

                  Respondents.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.5.)

In an order entered on March 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 5.) Respondents filed their response on March 6, 2026. (ECF No. 7.)

## II.    Factual Background

Petitioner is a native and citizen of Dominican Republic. (Notice to Appear (NTA), ECF No. 7-1, PageID.44.) Petitioner was admitted to the United States as a "nonimmigrant Visitor for Pleasure" on February 13, 2025, with authorization to remain in the United States until August 12, 2025. (*Id*.)  Petitioner remained in the United States after that authorization ended. (*Id*.) Petitioner has no criminal history. (Pet., ECF No. 1, PageID.3.)

In January 2026, Department of Homeland Security (DHS) agents arrested Petitioner. (Pet., ECF No. 1, PageID.2.) Thereafter, DHS issued Petitioner a Form I-862, NTA, charging Petitioner as subject to removal under § 237(a)(1)(B) of the Immigration and Nationality Act (INA) because, after being admitted as a nonimmigrant, Petitioner remained in the United States for a time longer than permitted. (NTA, ECF No. 7-1, PageID.44.) Petitioner was scheduled to appear before the Detroit Immigration Court for a master hearing on March 10, 2026.[1] (Notice of Internet-Based Hearing, ECF No. 7-3.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

---

[1] The parties do not provide any other information about the March 10, 2026, hearing.

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Petitioner asserts that she is detained without being informed of the statutory basis for that detention. (Pet., ECF No. 1, PageID.4.) Petitioner asks the Court to, *inter alia*, order Respondents to release Petitioner from custody or conduct a bond hearing. (*Id.*, PageID.5.) Respondents, through counsel, acknowledge that § 1226 governs Petitioner's present detention because she overstayed her visa after being lawfully admitted to the United States. (Resp., ECF No. 4, PageID.38–39.) There is no indication in the record presently before the Court that Petitioner has requested a bond hearing under § 1226(a) in Immigration Court. In light of Respondents' concession that Petitioner's detention is governed by § 1226(a), meaning that, if requested, Respondents would provide Petitioner with a § 1226(a) bond hearing, which is the relief that Petitioner seeks in this action, the Court will dismiss this action without prejudice.[2]

---

[2] If Petitioner requests a bond hearing in Immigration Court and Respondents do not in fact provide Petitioner with a § 1226(a) bond hearing where the Immigration Judge concludes that he or she has jurisdiction to consider the bond request, then Petitioner would be free to file a new § 2241

**V.      Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   March 19, 2026                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge

---

petition requesting that this Court order Respondents to provide Petitioner with a § 1226(a) bond
hearing.